**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:08cv538
[Criminal Case No. 1:06cr13]**

| | | |
|---|---|---|
| **SHAFEEQ MUHAMMAD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1]; Respondent's Motion for Summary Judgment [Doc. 17]; and Petitioner's Response to Respondent's Motion for Summary Judgment [Doc. 21].

## PROCEDURAL HISTORY

On March 1, 2006, Petitioner was charged in a bill of indictment, alleging that he conspired with other co-defendants to possess with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846.  [Criminal Case No. 1:06cr13, Doc. 3].

On April 17, 2006, the parties filed a Plea Agreement.  [Id., Doc. 28]. Pursuant to the Plea Agreement, Petitioner and his counsel:

> warrant[e]d that they [had] discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction [action] after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.

[Id. at ¶19].

Petitioner then agreed under the terms of Agreement, that:

> in exchange for the concessions made by the United States in this plea agreement, [the defendant] waives all such rights to contest the conviction and/or sentence except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent defendant contests the sentence on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals.

[Id.] Although the Plea Agreement stated that Petitioner was subject to a ten-year mandatory minimum, the parties agreed that Petitioner was actually responsible for at least five but less than twenty grams of crack cocaine [Id. at ¶¶3 and 6(a)], which effectively reduced the range of imprisonment to five

to forty years. Although Petitioner had qualifying prior felony drug convictions, the United States did not file a sentencing enhancement under 21 U.S.C. § 851. [Id., Doc. 63, PSR at ¶¶105-06].

Finally, with respect to sentencing, the Plea Agreement noted that if the Probation Office determined from Petitioner's criminal history that the career offender provisions of U.S.S.G. § 4B1.1 applied, then that provision could be used in determining Petitioner's sentence. [Id., Doc. 28, Plea Agreement at ¶6(d)].

On April 27, 2006, the Court conducted Petitioner's Rule 11 hearing, at which time he was placed under oath and participated in a lengthy colloquy with the Magistrate Judge to ensure that Petitioner's guilty plea was knowing and voluntary. [Id., Doc. 76, Transcript of Plea Hearing, April 27, 2006 at 1-8]. During that colloquy, Petitioner advised the Court that he had discussed the charge and corresponding penalties with counsel, that he understood those matters, that he had taken ample time to discuss possible defenses with counsel, that his attorney had discussed how the United States Sentencing Guidelines applied in his case, that he understood the rights that he was relinquishing by virtue of his guilty plea, that he understood and agreed to the terms of the agreement, that he was satisfied with the services of his attorney,

and that he was tendering his guilty plea because he was guilty of the subject offense.  [Id. at 21, 25].  The Court accepted his guilty plea.  [Id.].

The Probation Office then prepared a Presentence Investigation Report ("PSR").  In the PSR, the Probation Officer concluded that Petitioner qualified for the career offender enhancement contained in U.S.S.G. § 4B1.1 due to three prior qualifying offenses: Aggravated Assault with a Deadly Weapon, Aggravated Assault, and Possession with the Intent to Sell/Deliver Marijuana. [Id., Doc. 63, PSR at ¶34].  This enhancement resulted in an adjusted offense level of 31, a criminal history category of VI, and an advisory guidelines range of 188-235 months.  [Id. at ¶104].[1]

Petitioner, through his counsel, did not file any objections to the Presentence Investigation Report.  [Id., Doc. 75, Transcript of Sentencing Hearing, Apr. 5, 2007 at 4].  At the sentencing hearing, however, Petitioner raised – both through his defense counsel and by himself directly – an objection to the Probation Officer's failure to recommend a reduction due to Petitioner's role as a minimal or minor participant.  [Id. at 7, 10].  Defense

---

[1]Had the Petitioner not enjoyed the benefit of the plea agreement, the Probation Officer would have held him responsible for 40.8 grams of crack cocaine he sold to a confidential source.  As the PSR notes, this increased amount would have increased the Petitioner's statutory maximum term of imprisonment and increased his guidelines sentence to 262-327 months.  [Id., Doc. 63, PSR at ¶106].

counsel also asked the Court to impose a variance sentence "outside of the guidelines range based upon what I would say is comparably less culpable conduct than the co-defendants and also the qualities that Mr. Muhammad himself possesses which, if he could get past his addiction, I think would make him a valuable member of society." [Id.] The Court denied Petitioner's request for a variance and imposed a sentence of 190 months' imprisonment. [Id. at 12].

Petitioner then appealed his sentence on the sole ground of whether his sentence was procedurally reasonable because the sentencing court allegedly failed to state sufficient reasons for the sentence imposed. The United States moved to dismiss the appeal based on Petitioner's express waiver of his right to appeal his sentence and conviction. The Fourth Circuit Court of Appeals granted the motion to dismiss on December 26, 2007.

Petitioner filed his pending motion to vacate his sentence under 28 U.S.C. § 2255 on December 1, 2008. [Civil Case No. 1:08-cv-538, Doc. 1]. On December 31, 2008, the Court directed Petitioner to resubmit his motion in the proper format, which Petitioner did on January 30, 2009. On December 2, 2010, Respondent filed its Response to Petitioner's Motion to Vacate, contending that Petitioner's claims are without merit. [Doc. 18]. Respondent's

Response is accompanied by an Affidavit from Petitioner's former attorney Andrew Banzhoff. [Doc. 18, Ex. A]. Also on December 2, 2010, Respondent filed a Motion for Summary Judgment, incorporating by reference its Response to Petitioner's Motion to Vacate. [Doc. 17].

On December 14, 2010, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to file a response to the Motion for Summary Judgment, and explaining the requirement that he present his own evidence by affidavit or unsworn declarations. [Doc. 19]. On January 14, 2011, Petitioner filed a Response to Respondent's Motion for Summary Judgment. [Doc. 21]. Petitioner did not, however, file his own affidavits or unsworn declarations in opposition to Respondent's evidentiary forecast.

In his Motion, Petitioner first alleges that he received ineffective assistance of counsel because (1) he never saw his motion for discovery; (2) his counsel never asked for a bond hearing; (3) defense counsel coerced him into a plea agreement based on false promises and counsel's knowledge of the law and Petitioner's ignorance of the law; and (4) counsel objected to everything Petitioner wanted him to say in court. Petitioner also claims that he was denied his "constitutional rights" under 18 U.S.C. § 3742 and 18

U.S.C. § 3553(a) due to the judge's failure to explain the reasons for his sentence and the reasons for the application of the career offender enhancement. Petitioner further claims that he was denied his "plain error code" because defense counsel provided ineffective assistance by failing to seek appeal to the Supreme Court. Finally, Petitioner claims that he was not given a minor role reduction and requests a retroactive application of the sentencing guidelines.

## STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). The rule goes on to provide procedures for responding to a motion for summary judgment:

> (c) Procedures.

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues of fact for trial. Once the moving party has met that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Rather, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56).

## DISCUSSION

## I. Petitioner's Claims Regarding Errors in Conviction and Sentencing

Pursuant to the terms of the plea agreement, Petitioner waived his right to attack his conviction and sentence in a post-conviction proceeding, including a collateral attack under 28 U.S.C. § 2255, except for claims based on prosecutorial conduct and ineffective assistance of counsel. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." See, United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

Here, Petitioner pled guilty pursuant to a plea agreement that includes the express waiver. The Transcript of the Rule 11 Proceedings and

Petitioner's signature on the Entry and Acceptance of Guilty Plea show that his plea was made knowingly and voluntarily, with the understanding of the charges, the potential penalties, and the consequences of his plea. Those consequences included the effect of the waiver. Accordingly, Petitioner knowingly and voluntarily waived his right to attack his conviction or sentence in any collateral proceeding, including in a motion under 28 U.S.C. § 2255. Therefore, his attack on his sentence, including the claims that (1) the judge failed to state his reasons for the sentence and the guidelines range; (2) that the judge failed to state the reasons for the application of the career offender enhancement; and (3) that the district court failed to grant a minor role reduction are barred from consideration under 28 U.S.C. § 2255.

Furthermore, claims that could have been raised on appeal, but were not, may not be asserted for the first time in a collateral proceeding unless Petitioner demonstrates cause excusing his procedural default and actual prejudice resulting from the alleged errors. In United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), the Court noted that

> [i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result

> from the refusal of the court to entertain the collateral
> attack.

Id. (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)); see also Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same). Here, because Petitioner did not raise on appeal his claims about the career offender enhancement and a minor role reduction, those claims are procedurally barred.

## II.    Petitioner's Claims of Ineffective Assistance of Counsel

In order to establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "*actual* and substantial disadvantage, infecting his

entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. at 170, 102 S.Ct. 1584). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697, 104 S.Ct. 2052). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

Counsel is presumed to be competent, and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A petitioner

bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has pled guilty, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Additionally, because several of Petitioner's allegations challenge counsel's conduct at sentencing, in order to demonstrate an entitlement to relief on those matters, Petitioner must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

## A. Ineffective Assistance of trial Counsel As to Matters Before Entry of the Guilty Plea

Petitioner first vaguely alleges that his trial counsel was ineffective for failing to provide him with his "Motion of Discovery." Significantly, Petitioner does not contend that counsel's alleged failure to provide him with a "Motion of Discovery" played a part in his decision to plead guilty or that he was in any way prejudiced by this alleged failure. [Doc. 3 at 4]. Petitioner also has neither alleged nor offered any forecast of evidence showing that he would have chosen to go to trial had he reviewed discovery. More importantly, he does not ask the Court to vacate his plea. [Id. at 13 (seeking a sentence

reduction and relief from "career offender status")]. Furthermore, counsel Banzhoff has stated in his affidavit that

> it is true that I did not provide him with a copy of his 'motion for discovery.' However, I was not provided a copy either. I could only review the file and report to him about the Government's information. I did, in fact, report to him about this information and this fact is apparent from Mr. Muhammad's statements in his sentencing hearing where he referenced evidence of his involvement in a drug transaction.

[Doc. 18, Attachment A at ¶16]. Petitioner has not rebutted this with any affidavits or evidence of his own. As such the record is uncontradicted that Petitioner was aware of the discovery that the Government provided to his counsel. In sum, Petitioner has simply not presented anything to the Court that would tend to show that counsel's failure to provide Petitioner with a "Motion of Discovery" in any way prejudiced Petitioner. Thus, Petitioner's ineffective assistance claim based on counsel's failure to provide him with a motion of discovery is without merit.

Petitioner next contends that counsel was ineffective for failing to move for a bond hearing. Petitioner does not allege that the failure to seek a bond hearing had any impact on his conviction, nor has he demonstrated any prejudice resulting from this failure. Indeed, as defense counsel explained in his affidavit, "considering Mr. Muhammad's record, his lack of stable housing

or employment and the nature of the charges," there was no reasonable probability that such a motion would have succeeded. [Doc. 18, Attachment A at ¶17].

Finally, Petitioner claims that counsel provided ineffective assistance because he objected to "everything [Petitioner] requested him to say in Court." [Pet. Mot. at 4]. Petitioner, however, fails to identify (1) what exactly defense counsel failed to state and (2) how this failure resulted in any prejudice.[2] Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297. Petitioner has failed to meet that burden. Thus, this part of Petitioner's ineffective assistance of counsel claim is simply without merit and will be dismissed.

### B.     Ineffective Assistance of Trial Counsel in Connection With Entry of the Guilty Plea

Next, Petitioner makes the conclusory allegation that counsel coerced him into a plea agreement based on false promises. Petitioner does not identify, however, what those false promises were or how the coercion

---

[2]With respect to refusing to state what Petitioner desired during court hearings, defense counsel Banzhoff asserts that "I made what [sic] a statement on Mr. Muhammad's behalf and made no attempt to prohibit him from speaking at the hearing. In fact, he was allowed to speak and made statements which, in my opinion, did not serve to provide a substantial demonstration of remorse or respect for the law." [Doc. 18, Attachment A at ¶19].

occurred. With respect to claims of coercion, false promises and intimidation, defense attorney Banzhoff states:

> I made no representations to Mr. Muhammad about the plea agreement other than what was actually explained in the agreement . . . . At no point did I threaten or intimidate Mr. Muhammad with my knowledge or otherwise. My personal meetings with Mr. Muhammad were conducted at the Caldwell County jail, in open meeting rooms. During these full-contact visits, I was in close proximity to Mr. Muhammad. I recollect that Mr. Muhammad was himself a physically imposing man and that it would not have been possible during our meetings for me to have coerced him in any manner. I tried to the best of my ability to be forthright with him about the law, the guidelines and the likely results of the court proceedings.

[Doc. 18, Attachment A at ¶¶18, 20]. Petitioner has offered no admissible evidence to refute the statements made in counsel's affidavit. Furthermore, Petitioner's contentions regarding coercion by counsel are refuted by Petitioner's own statements in his Rule 11 colloquy. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner provides

no evidence of extraordinary circumstances that would permit the Court to disregard his sworn statements made during the Rule 11 colloquy, which conclusively establish that his plea was "not the result of coercion, threats or promises other than those contained in the written plea agreement."  [See generally Criminal Case No. 1:06cr13, Doc. 76, Transcript of Plea Hearing, April 27, 2006, at 21].  Furthermore, Petitioner stated that he was satisfied with the services of his attorney, [Id. at 25], and he explicitly agreed that he was pleading guilty because he was, "in fact, guilty of the count in the bill of indictment."  [Id. at 21].  Thus, Petitioner's claim of ineffective assistance in connection with the entry of his guilty plea must be dismissed.

## C.    Ineffective Assistance of Appellate Counsel

Petitioner next alleges a violation of "plain error code" based on his contention that his "constitutional rights of (plain) error" were denied by counsel's failure to appeal to the Supreme Court.  [Doc. 3 at 7].  Petitioner does not allege that he asked counsel to file a petition for certiorari and that counsel failed to do so.  Construing the allegations liberally, it appears that Petitioner merely asserts that counsel did not consult with him concerning whether a petition for certiorari should be filed.  Petitioner does not even hint what grounds he believes should have been raised in such petition.  In any

event, any petition to the Supreme Court would have been frivolous in light of Petitioner's waiver of his appellate rights. Furthermore, as defense counsel has attested, he did not seek Supreme Court review of Petitioner's sentence because he did not believe there were any non-frivolous issues appropriate for review. [See Doc. 18, Attachment A at ¶¶14, 20]. Defense counsel Banzhoff explained in his affidavit:

> Following dismissal of the appeal by the Fourth Circuit, I did not believe that there was any non-frivolous grounds for filing a Petition for Certiorari. In addition, the only issue which could have been raised was that which was raised in the lower court. In our brief, the only issue that I could even find to raise was whether the trial court properly complied with the dictates of procedural reasonableness. However, in that the Fourth Circuit applied a presumption of reasonableness to guidelines sentences, it seemed that our chances of prevailing on that issue were quite low even if the appeal had been heard. As a result, I did not believe that there existed any non-frivolous grounds for which to file a Petition for Writ of Certiorari.

[Id. at ¶21].

Here, Petitioner simply has not shown that he was prejudiced by counsel's failure to inform him of his right to file a petition for a writ of certiorari, as it is clear that Petitioner had no meritorious claims to raise in such a petition. Furthermore, unlike the mandatory jurisdiction of the courts

of appeals in a direct criminal appeal, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion." Sup. Ct. R. 10. Although "indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, that right does not extend to forums for discretionary review." Austin v. United States, 513 U.S. 5, 8, 115 S.Ct. 380, 130 L.E.2d 219 (1994) (citation omitted); see also Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.E.2d 640 (1991) (affirming that where there is no constitutional right to counsel there can be no deprivation of effective assistance); Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (same).

Next, while Petitioner's former counsel concedes that he did not advise Petitioner of his right to file a petition for writ of certiorari in compliance with the plan adopted by the Fourth Circuit implementing the Criminal Justice Act of 1964 ("CJA Plan"), such failure does not rise to the level of a violation of Petitioner's Fifth Amendment right to counsel. "On a Section 2255 petition claiming ineffective assistance of counsel, the issue is whether counsel provided *constitutionally* deficient representation on appeal." Carter v. United States, Nos. 3:09CV14, 3:05cr82, 2010 WL 3619252, at *4 (W.D.N.C. Sept. 10, 2010) (emphasis in original). Although counsel's failure to inform

Petitioner of his right to file a petition for a writ of certiorari may violate the Fourth Circuit CJA Plan, "it does not rise to the level of constitutionally deficient representation under Strickland" as long as defendant is not prejudiced by counsel's failure to inform the defendant of his right to file the petition. Id.

As Respondent notes in its brief, although the Court of Appeals remanded a post-conviction case for an evidentiary hearing on the basis of counsel's failure to file a petition for a writ of certiorari in Proffitt v. United States, 549 F.2d 910, 913 (4th Cir. 1976), the Court did so based on the CJA Plan in effect at the time which included the duty to file a petition for a writ certiorari, upon request, regardless of its merits. The current CJA Plan, however, relieves counsel of the obligation to file a petition for certiorari upon counsel's conclusion that such a filing would be frivolous.[3] Furthermore, Proffitt was decided before the Supreme Court's decision in Austin, in which the Supreme Court noted the conflict between the requirement of counsel to file a petition, even if frivolous, under the CJA Plan considered in Proffitt and

_____

[3]The Fourth Circuit's plan provides that: "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." Carter, 2010 WL 3619252, at *4 (quoting Fourth Circuit CJA Plan, § V at ¶2).

the Supreme Court's rule against frivolous filings.  <u>See</u> <u>Austin</u>, 513 U.S. at 6-8, 115 S.Ct. 380.  Since <u>Austin</u> was decided, at least two district courts in the Fourth Circuit have recognized that a "defendant must show prejudice from counsel's failure to advise him of the possibility of certiorari review" in order to establish a constitutional violation of his Fifth Amendment right to counsel. <u>See</u> <u>United States v. Eisenhardt</u>, 10 F. Supp. 2d 521, 523 (D. Md. 1998) (no prejudice found); <u>Linton v. United States</u>, Civil Action No. 1:04cv57, 2007 WL 984053, at *10 (N.D. W. Va. Mar. 26, 2007) (same).

Here, Petitioner has presented no evidence that would tend to show that he was prejudiced by counsel's alleged failure to advise Petitioner of his right to file a petition for a writ of certiorari because, as shown by the Fourth Circuit's dismissal of his appeal, Petitioner waived his right to appeal his sentence and conviction in connection with his entry of a guilty plea. Therefore, he has not produced sufficient evidence of constitutionally deficient representation to warrant relief on this basis.

In sum, for the reasons stated herein, the Court finds that Petitioner's claims in his Section 2255 motion are without merit and the Court will, therefore, grant summary judgment to Respondent.

Finally, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED THAT:**

1.     Respondent's Motion for Summary Judgment [Doc. 17] is **GRANTED**; and

2.    Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DENIED** and

**DISMISSED.**

**IT IS SO ORDERED.**

Signed: January 21, 2012

Martin Reidinger
United States District Judge